## IRWIN *v.* SAN FRANCISCO SAVINGS UNION.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF CALIFORNIA.

No. 181. Submitted January 23, 1890. — Decided February 3, 1890.

*Wright* v. *Roseberry*, 121 U. S. 488, affirmed and applied to this case.

THE United States, being the real party interested as plaintiffs in error, by their counsel filed the following statement as a brief for the plaintiff in error:

"This is an action of ejectment, brought in the Superior Court of Solano County, California, and afterwards removed into the United States Circuit Court, to recover a large body of swamp and overflowed lands contiguous to the mainland of Mare Island, upon which island the United States have a navy-yard, and have erected extensive buildings, etc.

"The plaintiff in error, the defendant below, was the officer'

in command of the said navy-yard at the time the suit was brought, and had no other interest in the controversy.

"The case was tried without a jury, under a stipulation in writing, and judgment rendered for the plaintiffs, to the effect that they were entitled to the possession of the lands in controversy.

"This writ of error raises but one question.

"The plaintiffs claimed title to the swamp and overflowed lands in question, under the State of California, and introduced in evidence a patent from the State to one John W. Pearson, from whom they derived title.

"This evidence was objected to by the defendant on the ground: 'That a patent issued by the State to any individual for swamp or overflowed lands does not convey title to the lands therein described, unless it be shown that the same lands have been patented by the United States to the State, or listed to the State by the Land Department of the United States. That it has not been shown by competent evidence that it has been determined by the proper authority of the Land Department of the United States that the lands described in the patent, or any part thereof, are swamp or overflowed lands within the meaning of the act of Congress approved September 28, 1850, commonly known as the Arkansas land act.'

"The objection was overruled and the patent read to the jury, whereupon the defendant excepted.

"The plaintiffs then introduced other evidence, parol and documentary, for the purpose of showing that the land sued for answered to the description of swamp and overflowed lands, and the defendant moved the court to strike out and exclude all said evidence, including the patent, but the court denied the motion, and thereupon the defendant excepted.

"The opinion of the eminent Circuit Justice upon the questions raised by the bill of exceptions, appears to be sustained by the subsequent opinion of this court in *Wright* v. *Roseberry*, 121 U. S. 488.

"The case is, therefore, submitted without further observation."

PER CURIAM. It is conceded by counsel for plaintiff in error that this case is governed by *Wright* v. *Roseberry*, 121 U. S. 488, and the judgment is, therefore, upon the authority of that case,                                                                                *Affirmed.*

*Mr. Assistant Attorney General Maury* for plaintiff in error.

*Mr. George A. Nourse* for defendants in error.