HENRY BEER ET AL. v. WHITEVILLE LUMBER COMPANY.

(Filed 24 November, 1915.)

1. **State Lands—Entries—Swamps—Separate Tracts—Interpretation of Statutes.**

Where an action of trespass upon lands, involving title, is made to depend upon the validity of entry and grant of swamp lands by the State to the defendant under the provisions of Revisal, sec. 1693, that the same is not subject to entry if in one marsh or swamp exceeding 2,000 acres, with certain exceptions not material to the case, and of sec. 1694, that marsh or swamp lands, if in a tract not exceeding 2,000 acres, is subject to entry, making void, by sec. 1699, all entries not authorized by ch. 37; and the fact is established by agreement of the parties that the defendant's entry was on Big Cypress, which was within the number of acres subject to entry unless included within Seven Creeks Swamp, and that the former entered into the latter at an angle of 90 degrees, running up some four miles, beginning in a narrow stream, two or three hundred yards wide where it empties, but narrower there than it is several hundred yards further up: *Held*, as a matter of law that Big Cypress is a separate tract of marsh or swamp land from Seven Creeks, and the exceptions of the statute not applying, the defend-

ant's entry is a valid one, though it appears that sometimes during freshets and high water these swamps are all covered with one sheet of water.

**2. State Lands—Swamps—Definition—Interpretation of Statutes.**

> Swamp lands, within the meaning of our statutes, are those too wet for cultivation except by drainage.   Revisal, secs. 1693, 1694, 1699.

APPEAL by plaintiff from *Whedbee, J.,* at February Term, 1915, of COLUMBUS.

Civil action.

*John D. Bellamy & Son for plaintiff.*
*Schulken, Toon & Schulken and J. O. Carr for defendant.*

WALKER, J.   The question presented is whether Big Cypress Swamp is a separate and distinct swamp, or is to be considered as a part of Seven Creeks, within the intent and meaning of our entry laws, the *locus in quo* being a part of what is known as Big Cypress.   Plaintiff claimed the land under a deed from the State Board of Education to Hackley V. Hume, dated 16 November, 1891, and a deed from the latter to him dated 23 May, 1892, and defendant, under a grant from the State to S. C. Stevens, dated 4 September, 1892, for 55 acres, part of Big Cypress, and a deed from Stevens to it for the timber on said 55 acres, the trespass consisting in the cutting of said timber by the defendant.   After all the evidence was closed defendant renewed its motion for a nonsuit, whereupon the following entry was made:

"It was agreed by counsel that there is no question for the jury to determine except the one of damage, and counsel for both plaintiff and defendant further agreed that the actual damage to the land in dispute by reason of severing of the timber therefrom by the defendant is the sum of $150.   Counsel for both plaintiff and defendant agree that there is no substantial dispute in respect to the facts about whether or not the lands in controversy were part of a swamp containing more than 2,000 acres; the testimony of plaintiff and defendant both, in the main, being substantially the same, to the effect that Big Cypress makes into Seven Creeks at an angle of about ninety degrees and runs some four miles up, beginning in a very narrow and small stream and coming down until it is two or three hundred yards wide at the point where it empties into Seven Creeks, being narrower at the point where it empties into Seven Creeks than it is several hundred yards further up.   The Court being of opinion that under this statement of facts and the evidence of both parties the swamp known as Big Cypress is a separate and independent swamp, as a matter of law, from that of Seven Creeks, the motion of nonsuit is sustained.   It is agreed that in any aspect of this case, whatever any future determination of the same may be, that the value of the timber cut from this land shall not hereafter have to be inquired into,

but shall be fixed at the sum of $150, with interest from the time of the cutting, in the event that plaintiff is adjudged entitled to recover in this cause. It is admitted that the lands embraced in Big Cypress Swamp are less in quantity than 2,000 acres. It is admitted that the swamp lands of Seven Creeks are more than 2,000 acres. It is also admitted that the swamp lands of Seven Creeks, together with that known as Big Cypress, is more than 2,000 acres. It is also further admitted that the swamp lands in Big Cypress are not as much as 2,000 acres, but 400 or 500 acres."

As it was agreed that there is no substantial conflict in the evidence, it is not necessary to set it out more than to state that it shows that Big Cypress, Horse Branch, Bear Branch, and several other swamps or branches, bordered by marshy land, empty their waters into Seven Creeks swamp or branch, called by some of the witnesses the large stream, and in this way only are they connected. Plaintiff contends that this constitutes but one large swamp containing more than 2,000 acres, and, therefore, not subject to entry under our law, and, if this is so, the grant to Stevens is void. Defendant, on the contrary, contends that these are all separate swamps, each having a distinct identity, and not being part of Seven Creeks, save and except in the sense that it empties its waters into that stream and contributes in this way to its formation. The sections of ch. 39, Revisal of 1905, codified from former laws, are as follows:

"SEC. 1693. *Lands not subject to entry.* Marsh or swamp lands, where the quantity of land in any one marsh or swamp exceeds 2,000 acres, or where, if of less quantity, the same has been surveyed by the State or the State Board of Education, with a view to draining and reclaiming the same."

"SEC. 1694. *Lands subject to entry.* Marsh or swamp lands lying in a swamp where the quantity of land in that swamp or marsh does not in the whole swamp or marsh exceed 2,000 acres, and which has not been surveyed by the State or State Board of Education, and marsh or swamp lands, unsurveyed as aforesaid, not exceeding 50 acres in one body, though lying within a marsh or swamp of a greater number of acres than 2,000, may be entered, when the same shall be situated altogether between the lines of tracts heretofore granted."

"Ch. 39, sec. 1699. *Void grants.* Every entry made and grant issued for any lands not authorized by ch. 37 to be entered or granted shall be void."

It is provided by Revisal, sec. 4047, as follows:

"Title to all swamp lands, in all controversies and suits to which the State Board of Education, or its assigns, shall be a party, is presumed to be in that corporation, or its assigns, until the other party shall show that he hath a good and valid title to such lands in himself."

BEER v. LUMBER CO.

It seems to us that, within the true meaning of those statutes, Big Cypress and Seven Creeks are separate and distinct swamps. The circumstance that, sometimes during freshets or high water all of these swamps are covered with water, cannot alter the case. It is not unlike the case of three or more streets connecting with a large thoroughfare, or several branches, creeks or even rivers flowing into a larger river or larger body of water, each having, though, a separate existence, and called by a different name. If this were not so, there might be a chain of these swamps, or creeks, as they are sometimes called, connecting with each other, and extending over an immense area, and all would be regarded in law as one and the same swamp. It would seem that this construction is what the statute was intended to prevent, when the Legislature used the words, "where the quantity of land in any *one* marsh or swamp exceeds 2,000 acres." It is true that some of the witnesses have expressed their legal opinions upon the subject, but they substantially agree upon facts that show Big Cypress and Seven Creeks to be, in legal contemplation and within the purview of the statutes, distinct swamps, the former being but tributary to the latter, and not a part of it.

We can derive little or no aid from the decided cases. The findings of fact, which were made with the consent of the parties, show that Big Cypress begins as a very narrow stream some distance above Seven Creeks, and widens considerably at a point between its beginning and Seven Creeks, narrowing as it empties its waters into the latter stream at an angle of about ninety degrees. Swamp lands may be defined as those too wet for cultivation and requiring drainage to fit them for that purpose. 37 Cyc., 653, 654; *Sav. Union v. Irwin,* 28 Fed. Rep., 708, 712 (App. in 136 U. S., 578); *Miller v. Tobin,* 18 Fed., 5 Rep., 609, 614 (9 Lawyer, 401). The lands which are embraced by what is called in the case Big Cypress are of that character and come well within the description of swamp lands, and, while its waters flow into Seven Creeks, it is otherwise so disconnected with it as to be quite apart from it and a different entity. If we should take the other view, the conformation of larger bodies of such lands in the State is such that it might withdraw from entry vast areas of vacant land which was evidently intended for the settler. We think that, of the two, the view taken by the court below is the safer one and more in agreement with the legislative intent as expressed in the statutes above quoted. As the number of acres in Big Cypress is less than 2,000, and as the land had not been surveyed by the State, or the State Board of Education, for draining with a view to its reclamation, the entry and grant of S. C. Stevens are valid, and there was no error in so deciding.

Affirmed.

ALLEN, J., not sitting.